Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF**
**KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kyle Dandy, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>First Advantage Background Services Corp.,<br>Defendants. | Case No.: 2:26-cv-00512 |

# COMPLAINT

Plaintiff Kyle Dandy ("Plaintiff") brings this putative class action individually and on behalf of all others similarly situated, seeking statutory and other damages against Defendant First Advantage Background Services Corp. ("First Advantage" or "Defendant") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.



Law Office of Kevin L. Hernandez
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

Law Office of Kevin L. Hernandez
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following duty on consumer reporting agencies: consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Plaintiff, Kyle Dandy ("Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") alleging that First Advantage has negligently and recklessly disseminated consumer reports concerning Plaintiff's and countless others' backgrounds that wrongfully reported sealed criminal history information due to willfully insufficient policies and procedures to ensure maximal accuracy.

6. Plaintiff, individually and on behalf of the Class members, seeks statutory and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

**PARTIES**

Law Office of Kevin L. Hernandez
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

7. Plaintiff is a natural person and resident of Clark County in the State of Nevada and qualifies as a "consumer" as defined and protected by the FCRA.

8. Defendant First Advantage Background Services Corp. is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant First Advantage is a Florida corporation that maintains its principal place of business at 1 Concourse Parkway, NE, Suite 200, Atlanta, Georgia 30328.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Nevada, and violated Plaintiff's rights under the FCRA in the State of Nevada as alleged more fully below.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11. Sometime prior to August 7, 2024, Plaintiff applied for new employment with Fanatics Inc. ("Fanatics").

12. As part of his application, Plaintiff consented that Fanatics could obtain a background consumer reporting regarding himself. Fanatics then contracted with Defendant to procure this report.

Law Office of Kevin L. Hernandez
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

13. On or around August 7, 2024, Plaintiff was informed that he was being denied employment due the results of the consumer report provided by Defendant. Specifically, Plaintiff was informed that his application was unable to be approved due to the results of the report's criminal history section.

14. When Plaintiff reviewed the report provided by Defendant, he was shocked and confused to discover that Defendant was reporting a case record for case number C16-315703-1 out of Clark County County, Nevada with a felony conviction for "OWNERSHIP OR POSSESSION OF FIREARM BY PROHIBITED PERSON".

15. Plaintiff was upset and frustrated because the record listed in the background report provided by Defendant was sealed on January 2, 2024 by order of the Eight Judicial Circuit District Court of Clark County, Nevada.

16. To Plaintiff's understanding, sealed criminal records, such as the case at issue here, are prohibited from being reported on a consumer report once the sealing process has been completed.

17. Indeed, the Eighth Judicial Circuit's order sealing Plaintiff's records expressly states that "all proceedings recounted in the sealed records are deemed never to have occurred."

18. As made clear by CFPB guidance issued in early 2024, "a consumer reporting agency that reports public record information is not using reasonable procedures to assure maximum possible accuracy if it does not have reasonable procedures in place to ensure that (1) it does not report information… that has been expunged, sealed, or otherwise legally restricted from public access in a manner that would prevent the user from obtaining it directly from the government entities that maintain the records." *See*

Law Office of Kevin L. Hernandez
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

Consumer Financial Protection Bureau, *Fair Credit Reporting; Background Screening*, 89 FR 4171 (Jan. 3, 2024).

19. Plaintiff's information had been sealed by the Court. As such, it should not have been reported on his background check.

20. Upon information and belief, Defendant has maintained woefully insufficient procedures for preventing violations of section 1681e(b).

21. Upon information and belief, Defendant has reported adverse, criminal history information that has been sealed and/or expunged for countless other individuals.

22. Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

23. Upon information and belief, Defendant fails to have such procedures, as it allows for sealed criminal history information to appear on consumer's reports.

24. As a direct result of Defendant's inaccurate reporting, Plaintiff and the Class members have been damaged. For example, derogatory and/or defamatory information which otherwise should not have been included in Plaintiff's and Class members' consumer reports was disseminated to Defendant's consumer report customers.

25. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

26. At all times pertinent hereto, Defendant's conduct was willful and/or negligent and carried out in reckless disregard for a consumer's rights as set forth under sections 1681e of the FCRA. Accordingly, Plaintiff and the Class are entitled to statutory

Law Office of Kevin L. Hernandez
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

and punitive damages under 15 U.S.C. §§ 1681n and 1681o. Defendant is also liable for Plaintiff's reasonable attorneys' fees and costs.

27. As a direct and proximate result of the Defendant's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff and the Class members have been harmed in their daily lives, by the impact that this outdated derogatory information has had on their ability to secure employment and/or housing.

28. As an example, Plaintiff was denied employment with Fanatics and suffered emotional distress along with embarrassment, frustration, and annoyance because of Defendant's conduct.

## CLASS ALLEGATIONS

29. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all others similarly situated.

30. The Class is defined as follows:

> **All natural persons residing in the United States on whom, from two years prior to the filing of this action and through the date of class certification, Defendant compiled and furnished a consumer background report which contained sealed and/or expunged criminal case information.**

31. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

32. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and

Law Office of Kevin L. Hernandez
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

representatives and their family members.

33. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least hundreds, if not thousands, of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

34. **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

a. Whether the Defendant willfully and/or negligently violated the FCRA by including sealed criminal case information in consumer reports;

b. Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling consumer reports;

c. Whether Plaintiff and the Class have been injured by Defendant's conduct;

d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

Law Office of Kevin L. Hernandez
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

35. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that he seeks for absent class members.

36. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel has prosecuted complex consumer class actions across the country.

37. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

38. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

Law Office of Kevin L. Hernandez
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

## CAUSES OF ACTION
## COUNT I
## Violation of the FCRA, 15 U.S.C. § 1681e(b)

39. Plaintiff repeats and realleges the foregoing allegations in paragraphs 1-38 as if fully set forth herein.

40. Plaintiff brings this claim individually and on behalf of the Class.

41. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

42. Accordingly, Defendant was required to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Class. This includes following procedures to ensure it did not report information that had been expunged, sealed, or otherwise legally restricted from public access.

43. However, Defendant failed to do so.

44. Were Defendant to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Class members, it would not be possible for it to report Plaintiff's case that had been sealed in January of 2024, over a year and a half prior to Defendant's reporting.

45. Moreover, if Defendant were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Class members, it would have prevented this inaccurate information from being reported in the first place.

Law Office of Kevin L. Hernandez
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

46. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

47. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above

## DEMAND FOR JURY TRIAL

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;

B. That judgment be entered in favor of Plaintiff and the Class against Defendant for statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

C. That the Court award the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

D. That the Court issue a declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

E. That the Court grant equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

Law Office of Kevin L. Hernandez
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
TEL: (702) 563-4450 FAX: (702) 552-0408

F. That the Court grant Plaintiff and the Class such other and further relief as may be just and proper.

Dated: February 25, 2026

**LAW OFFICE OF**
**KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
***Attorney for Plaintiff***