JOSEPH KANEE *(pro hac vice)*
E: joseph@marcuszelman.com
**MARCUS & ZELMAN, LLC**
1508 SW 23rd Street
Fort Lauderdale, FL 33315
T: (848) 346-4358

*Attorney for Plaintiff Kyle Dandy*

MARCUS J. LEE, ESQ. (Nevada Bar No. 15769)
E: mlee@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
T:  (725) 286-2801

*Attorney for Defendant Sterling Infosystems, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KYLE DANDY, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>Defendant. | Case No. 2:26-cv-00512-APG-BNW<br><br>**PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**INITIAL PRE-TRIAL CONFERENCE AND SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff KYLE DANDY and Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by their attorneys and pursuant to Fed. R. Civ. P. 26(f) and Local Rule ("LR") 26-1, submit their proposed Discovery Plan and Scheduling Order following the telephonic conference of counsel on June 26, 2026 and July 2, 2026.

The parties seek special scheduling review pursuant to LR 26-1(d) and request an initial pre-trial conference.  Plaintiff seeks an extended discovery period to conduct discovery and to accommodate schedules of the parties and their counsel, and proposes extended deadlines for disclosing experts, completing discovery, filing dispositive motions, and submitting the joint pretrial order.  First Advantage seeks an early case management conference pursuant to LR 16-2

to address the sequencing of discovery and the potential for resolving certain issues at an early stage following initial discovery to obtain the court records central to Plaintiff's claim.

### STATEMENT OF THE CASE

Plaintiff's Statement:  Plaintiff brings this putative class action, under Section 1681e(b) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), on behalf of himself and all others similarly situated for First Advantages failure to implement reasonable policies and procedures to ensure the maximal accuracy of the consumer information it publishes to third parties in its regular course of business.

In early 2024, the Consumer Financial Protection Bureau issue its advisory opinion titled "Fair Credit Reporting; Background Screening," addressing consistent failures in accuracy by consumer reporting agencies in the context of background screening. In its opinion, the bureau specifically addressed a position that had been repeatedly addressed by lower courts, namely that "a consumer reporting agency that reports public record information is not using reasonable procedures to assure maximum possible accuracy if it does not have reasonable procedures in place to ensure that (1) it does not report information… that has been expunged, sealed, or otherwise legally restricted from public access." 89 FR 4171 (Jan. 3, 2024).

On December 11, 2023, Plaintiff's criminal history was sealed as a matter of law by the Eight Judicial Circuit District Court of Clark County, Nevada, including his felony conviction in case number C16-315703-1. All relevant agencies and public record holders other than the Eight Judicial Circuit District Court (which itself issued the Order), including the Las Vegas Metropolitan Police Department, Clark County Office of the District Attorney, Las Vegas Justice Court, Nevada Department of Motor Vehicles, Nevada Department of Public Safety, and Las Vegas Municipal Court filed their Notices of Compliance with the Court's Order, confirming the records had been sealed and restricted from public access.[1]

Nonetheless, *8 months* after Plaintiff's records were legally restricted from public access, on August 7, 2024, Defendant First Advantage reported this, and only this, sealed conviction in a

---

[1] Plaintiff's counsel has conferred with Jason Fisher, the attorney with the Nevada Legal Aid that assisted with Plaintiff's petition to have his records sealed, who confirmed that the Judicial District Court which issues the order to seal does not separately file a notice of compliance for its own sealing, as it is the Court which issued the Order.

consumer report it provided to Plaintiff's potential employer Fanatic's Inc. As a result, Plaintiff was denied employment. Defendant contends that the record was still available on the Clark County case search at the time of its preparation of Plaintiff's report. However, Defendant is silent as to whether, when it conducted its search relying on Plaintiff's personal identifying information, the record of case A-23-880787-S was similarly available, apprising it that a judicial order had been granted sealing the records.

Defendant's contention that criminal records that have been sealed by judicial order are nonetheless reportable is, itself, an admission that its policies and procedures are not tailored to exclude records which have been legally restricted from access. At this stage, the inference is clear that numerous other individuals would have been similarly affected by Defendant's procedures, resulting in the publication of their consumer reports containing records which had been subject to sealing and/or expungement by judicial order. Accordingly, this action is appropriate for class resolution, as Plaintiff will illuminate on his Motion for Class Certification.

First Advantage's Statement:  Section 1681c(a)(5) of the FCRA expressly authorizes consumer reporting agencies to report "records of convictions of crimes," yet Plaintiff argues that First Advantage violated the FCRA by reporting the record of his conviction.  Plaintiff's FCRA claim turns on his novel theories (1) that as a matter of law a public record is *per se* sealed the moment a judge orders that the record be sealed; (2) that as a matter of fact the Plaintiff's record was sealed the moment that his record was ordered to be sealed; and (3) that, once a judge orders that a public record be sealed, any reporting of the information in the record is *per se* false.  The legal issues of whether Plaintiff's record was sealed upon issuance of an order that his records be sealed and whether it was inaccurate to report his record of conviction are questions that this Court can and should decide before any class discovery proceeds.

In October 2016, Plaintiff was convicted of felony ownership or possession of a firearm by a prohibited person in Case No. C16-315703-1 in the Eighth Judicial District Court of Clark County, Nevada.  (*See* Exs. A-B.)  Years later, in Case No. A-23-880787-S, Plaintiff petitioned the court to seal his criminal records, and, in December 2023, the court granted the petition and entered an order to seal the records of twenty six (26) of his criminal cases, including Case No.

3

C16-315703-1 ("Order" or "Order to Seal").  In the Order to Seal, the court ordered that Plaintiff send a copy of the Order to various courts and agencies "including but not limited to: … **Eighth Judicial District Court**," and that the courts and agencies seal the records listed in the Order, certify compliance with the Order to the court, and then seal the Order to Seal.[2]  (*See* Ex. B (emphasis in original).)

In July 2024, Plaintiff applied for a job with Fanatics Holdings, LLC, and Fanatics ordered a background report on Plaintiff from First Advantage, which included a search of the criminal case index of the courts of Clark County, Nevada for criminal cases matching Plaintiff's personal identifiers.  First Advantage completed the report and included information about Plaintiff's record of conviction in Case No. C16-315703-1.  On August 7, 2024, Plaintiff called First Advantage, claiming that his record of conviction should not be reported "because I had my record sealed."  On August 8, 2024, First Advantage searched the Eighth Judicial District Court's portal[3] for Case No. C16-315703-1, and the court returned the case record reflecting that Plaintiff was convicted of felony ownership or possession of a firearm by a prohibited person.  (*See* Ex. A.)  The record of conviction was not sealed and did not include any regarding a petition or order to seal the case or any filing therein.  Sometime thereafter, the Eighth Judicial District Court sealed the record in Case No. C16-315703-1.

Plaintiff does not dispute that he was convicted of felony ownership or possession of a firearm by a prohibited person in Case No. C16-315703-1, but he claims it was inaccurate to report the truth because, to his understanding, anything referenced in sealed records is "deemed never to have occurred" even if it did.  (Compl. ¶ 17.)  Plaintiff further argues that, even if a court includes a record of conviction in the court's public indices, the FCRA prohibits a consumer reporting agency ("CRA") from reporting the record.  Plaintiff seeks to represent a class of

---

[2] Under Nevada law, a petition to seal criminal records is a civil action and an order granting sealing is itself sealed, and even the courts executing the order must seal the copy of the Order they receive.  *See* Nev. Rev. Stat. § 179.275.  Thus, a search of the criminal index would not have returned a civil order to seal.

[3] https://www.clarkcountycourts.us/portal

consumers on whom First Advantage furnished a background report containing sealed or expunged criminal case information.[4]

First Advantage denies that it violated the law or caused Plaintiff any damages. First Advantage further denies that Plaintiff is entitled to punitive damages because First Advantage engaged in good faith efforts to comply with the FCRA, its reading of its obligations under the FCRA is and was objectively reasonable, and any purported violations were not willful. First Advantage also contends that, to the extent that Plaintiff has failed to mitigate his damages, his recovery, if any, must be reduced accordingly.

Section 1681c(a)(5) of the FCRA expressly authorizes CRAs to report "records of convictions of crime," and those records "may be reported indefinitely." *Smith v. InformData, LLC*, No. 1:25-CV-826 (RDA/WEF), 2026 WL 688957, at *7 (E.D. Va. Mar. 11, 2026) (quoting *Moran v. Screening Pros, LLC*, 943 F.3d 1175, 1185 (9th Cir. 2019)). Plaintiff's allegation that the Eighth Judicial District Court's Order to Seal "deemed [his conviction] never to have occurred" is irrelevant: Federal courts have long held that federal law determines the meaning of conviction, and a conviction occurs when the accused is found or pleads guilty. *See, e.g.*, *Aldaco v. RentGrow, Inc.*, 921 F.3d 685 (7th Cir. 2019) (holding that federal law, not state law, determines the existence of a conviction for purposes of FCRA reporting requirements); *Rhodes v. First Advantage Background Services Corp.*, No. 24-11005, 2024 WL 4615775, at *6 (11th Cir. Oct. 30, 2024) (same and collecting cases). Plaintiff's record in Case No. C16-315703-1 is a record of conviction even if the record is sealed.

Plaintiff argues otherwise – not by relying on the FCRA's text or any court opinion – but instead by citing to an "advisory opinion" that the CFPB issued and then withdrew. Although Plaintiff claims that the CFPB "specifically addressed a position [on sealing] that had been repeatedly addressed by lower courts," neither the CFPB opinion nor Plaintiff cites any such district court opinions. The only "authorities" cited by the CFPB for its opinion were CFPB

---

[4] Plaintiff's record was not expunged, and it is unclear why he seeks to represent consumers with expunged records. The meaning and effect of "expungement" under state law varies among the states, and "expunged" records are not necessarily sealed records.

settlements, which are not authority at all.  *See Fair Credit Reporting; Background Screening*, 89 Fed. Reg. 4171, 4172 n.12 (issued Jan. 23, 2024; withdrawn May 9, 2025).

Moreover, as to class certification, Plaintiff does not explain how the Court or First Advantage will determine that a consumer's criminal records are sealed or expunged if those records are not publicly available.  *See Smith*, 2026 WL 688957, at *7 (rejecting claim that it is inaccurate to report expungement records and holding that "the alleged inaccuracy … could not be verified by … because there was no record of expungement").  Plaintiff contends that First Advantage should not have reported Plaintiff's record of conviction because it was sealed the moment the Order to Seal was signed.  But, when the parties conferred, Plaintiff's counsel could not answer how First Advantage could have known the record of conviction was sealed when the court was publicly reporting the record.

For these reasons and others, whether Plaintiff was convicted, whether and when his record was sealed, and whether it is "inaccurate" to accurately report sealed records of conviction are predicate, dispositive issues that affect the appropriate scope of discovery, including whether class-wide discovery is necessary or permissible.  Accordingly, First Advantage requests that the Court consider setting an early case management conference pursuant to LR 16-2 to address the sequencing of discovery and the potential for resolving certain issues at an early stage.  The parties' respective positions regarding the scope and sequencing of discovery are set forth below.

### PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

**1.      Amendment of Pleadings and Additional Parties.**

The parties do not presently anticipate adding or dismissing any parties or claims.  The parties propose a deadline for amending the pleadings of October 14, 2026.

**2.      Rule 26(a) Disclosures.**

The parties have agreed to exchange Rule 26(a)(1) initial disclosures by July 17, 2026. The parties agree that no changes should be made in the form or requirement for disclosures under Rule 26(a).

**3.**     **Discovery.**

a.    Timing and Phasing.

Plaintiff:  Plaintiff proposes a discovery cut-off date of **January 14, 2027**, measured 240 days from May 19, 2026, which is the date on which First Advantage answered the Complaint. Plaintiff proposes that expert disclosures be due **November 13, 2026**, and rebuttal expert disclosures on **December 14, 2026**.

Plaintiff opposes Defendant's proposed bifurcation of discovery. Courts in this District disfavor bifurcation (or the trifurcation that Defendant requests) because "'[s]eparating merits and class discovery raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two,' and can sometimes 'thwart[] the informed judicial assessment that current class certification practice emphasizes.'" *Sanguinetti v. Nev. Rest. Servs., Inc.*, No. 2:21-cv-01768-RFB-DJA, 2022 U.S. Dist. LEXIS 205467, at *2 (D. Nev. Nov. 3, 2022) (internal citation omitted). Indeed, the distinction between merits and class discovery which "frequently will overlap" creates a material risk of "plac[ing] an unnecessary strain on judicial resources" in having to "determine discovery motions over whether discovery falls into 'merits' or 'class' distinctions." *Id*.; *see also Culton v. Tgi Fridays, Inc.*, No. 2:24-cv-00989-DJA, 2024 U.S. Dist. LEXIS 166930, at *4 (D. Nev. Sep. 17, 2024) ("the Court is reluctant to bifurcate discovery given the potential overlap between class and merits discovery… bifurcating discovery risks prejudicing plaintiff, who must meet a high burden to show certification of the class is proper").

Rule 23 requires that Plaintiff is burdened to prove the viability of proceeding as a class action as expeditiously as is practicable. *See* Fed. R. Civ. P. 26. Defendant's proposed bifurcation creates a material risk as to judicial waste resolving discovery disputes as to the appropriate realm of class vs. merits discovery and asks the Court to read in a requirement to prove liability before engaging in class discovery, an element not contemplated by Rule 23. Accordingly, Plaintiff asks this Court to reject bifurcation.

First Advantage:  If discovery proceeds, First Advantage proposes that discovery proceed in three phases.  The first phase ("Phase One") should be limited to targeted discovery regarding

Case Nos. A-23-880787-S and C16-315703-1.  Under Nev. Rev. Stat. § 179.295(1), Plaintiff may petition Eighth Judicial District Court to re-open the court records for those sealed cases and to permit inspection by First Advantage.  First Advantage requested that Plaintiff do so, but Plaintiff's counsel declined and responded that First Advantage should seek the records in discovery.  Therefore, First Advantage requests that Phase One of discovery be limited to discovery of the court records as well as discovery on the timing and effect of the Order to Seal, including whether the record was sealed and not publicly accessible during the reporting period.

Phase Two, if necessary, would cover discovery on Plaintiff's individual claim, including the preparation of First Advantage's report, First Advantage's policies and procedures relating to sealed and expunged records, and Plaintiff's alleged damages.  First Advantage proposes that, following Phase Two, the Court determine whether Plaintiff has met the minimum requirements, such as identification of a common procedure potentially applicable to members of the putative class, to proceed with class discovery.

Mere assertion of a class claim does not open the floodgates of discovery, and Plaintiff does not allege a single fact to support his class allegations.[5]  Instead, "Plaintiff merely proffers a formulaic recitation of the elements of a class action." *See Dixie Plumbing Specialties, Inc. v. Cain Indus., Inc.*, No. 1:17-CV-03866, 2019 WL 13061187, at *4 (N.D. Ga. May 22, 2019); *see also In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, No. 3:12-CV-60004-DRH, 2013 WL 3791509, at *4 (S.D. Ill. July 18, 2013) (dismissing class allegations that were "nothing more than a mere recital of the elements in Rule 23 in relation to an unidentified class").  Plaintiff's "class definition contains [no] objective criteria that allow for the [putative] class members to be identified in an administratively feasible way." *Karhu v. Vital Pharms., Inc.*, 621 F. App'x 945,

---

[5]   *See, e.g.*, *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985), as amended (Aug. 27, 1985) (affirming "trial court's refusal to allow class discovery" where plaintiff failed to "advance[e] a prima facie showing that the class action requirements of [Rule 23 were] satisfied or that discovery [was] likely to produce substantiation of the class allegations"); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (requiring a plaintiff seeking pre-certification discovery to make "a prima facie showing of Rule 23's prerequisites" or to show that the requested discovery is "likely to produce persuasive information substantiating the class action allegations"); *Ross v. Lockheed Martin Corp.*, No. 16-CV-2508 (KBJ), 2020 WL 4192566, at *1 (D.D.C. July 21, 2020) (collecting cases and holding that "the existence of a class action that is plausibly viable is a prerequisite to getting discovery in aid of a motion for class certification.").

946 (11th Cir. 2015).  And even though Plaintiff must prove that First Advantage failed to follow "reasonable procedures," 15 U.S.C. § 1681e(b), he has not even attempted to identify a "common procedure" applicable to members of the putative class.

Phasing discovery allows Plaintiff to obtain discovery about his individual claim and the policies and procedures applied (or not) to his report and gives him the opportunity to present a prima facie showing that class discovery is likely to substantiate his class allegations.  Assuming Plaintiff makes a *prima facie* showing, Phase Three would be for class-related discovery.  First Advantage proposes that Phase Three proceed only after completion of Phase Two and following the Court guidance from the Court at an initial case management conference.  First Advantage proposes that the timing of expert disclosures be tied to the sequencing of discovery described above.  Specifically, First Advantage proposes that expert disclosures and rebuttal disclosures occur after the completion of Phase One discovery.

First Advantage proposes the following discovery schedule to implement this phased approach:

| PHASE ONE – THRESHOLD DISCOVERY | |
| --- | --- |
| Fact discovery cut-off | November 30, 2026 |
| Dispositive motions on sealing | January 14, 2027 |
| **PHASE TWO – INDIVIDUAL CLAIM DISCOVERY** | |
| Fact discovery cut-off | To be set following the Court's ruling on Phase One dispositive motions |
| Initial expert disclosures | 60 days before Phase Two discovery cut-off |
| Rebuttal expert disclosures | 30 days after initial expert disclosures |
| Expert discovery cut-off | To be set following the Court's ruling on Phase One dispositive motions |
| Motions for summary judgment | 45 days after close of Phase Two discovery |
| **PHASE THREE – CLASS DISCOVERY** | |
| Class discovery cut-off | To be set by the Court upon a *prima facie* showing by Plaintiff and after further case management conference |
| Motion for class certification | 45 days after the close of Phase Three class discovery |

b. Protective Order and Privilege.

The parties anticipate they will agree upon and submit to the Court a proposed stipulated protective order which will apply to confidential information produced in discovery and which will include a provision for dealing with inadvertent disclosure of privileged or protected information.  The parties agree that documents and communications protected by the attorney-client privilege or work-product doctrine that are dated on or after the earlier of (i) the date counsel was retained in this matter or (ii) the filing of the Class Action Complaint need not be included on a privilege log.  All other documents withheld on privilege or protection grounds will be logged consistent with Fed. R. Civ. P. 26(b)(5)(A).

c. Subjects of Discovery.

Plaintiff anticipates discovery will focus on:  (1) Defendant's policies and procedures it uses to assure the maximum possible accuracy of the information it reports, (2) Defendant's policies and procedures for obtaining updated criminal case information; (3) prior lawsuits filed against Defendant First Advantage for violations of the FCRA, and (4) Defendant's communications with Fanatics, Inc., (5) the number and identities of the class members, and (6) Plaintiff's damages.

First Advantage expects that discovery will be needed on the following subjects: (1) communications and records relating to Case Nos. A-23-880787-S and C16-315703-1 in the Eighth Judicial District Court of Clark County; (2) the background report that First Advantage prepared on Plaintiff for Fanatics in August 2024 and relevant documents related to the order, preparation, access, and use of that report; (3) First Advantage's relevant policies and procedures relating to criminal records reporting and dispute reinvestigations; (4) communications between Plaintiff and Fanatics or First Advantage relating to Plaintiff's background report; (5) records relating to Plaintiff's employment, criminal, and litigation, including claims against other CRAs regarding the reporting of his criminal history; and (6) records relating to Plaintiff's alleged damages.  The latter includes records relating to:  (1) the income, wages, and benefits that Plaintiff received or would have received from Fanatics and other sources; and (2) the

10

employment opportunities, positions, and advancements that Plaintiff allegedly lost.  Discovery may reveal additional documents that are key to the parties' claims and defenses.

If discovery proceeds, First Advantage intends to subpoena the Eighth Judicial District Court of Clark County for the records in Case Nos. A-23-880787-S and C16-315703-1, Plaintiff's petition to seal his criminal records, the order to his criminal records, and the timing, scope, effect, and execution of that order.  First Advantage will also subpoena Jason Fisher and Legal Aid Center of Southern Nevada for non-privileged documents and testimony regarding Plaintiff's compliance with the order to seal and Plaintiff's requests to courts and agencies to comply with the order and to provide certification of compliance.

d.   Electronic Evidence.

The parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  The parties will meet and confer regarding the use of electronic exhibits at trial and, if appropriate, will stipulate to formats for presenting evidence consistent with the Court's electronic jury evidence display system.

At this time, the parties do not anticipate any issues regarding the production of discovery in an electronic format and will produce electronically stored information in mutually agreed-upon, reasonably usable formats.  The parties will continue to confer regarding any additional requirements relating to electronic evidence or compatibility with the Court's system as the case progresses.  The parties agree to serve discovery requests, discovery responses, and disclosures via electronic mail.

**4. Dispositive Motions.**

Plaintiff:  Plaintiff proposes motions to certify class be due February 1, 2027 (responses due within 14 days of service of the motion; replies due within 7 days of service of the response). Plaintiff proposes dispositive motions be due **February 22, 2027.**

First Advantage:  As noted, First Advantage requests an early case management conference to discuss the sequencing of and to obtain the Court's guidance on dispositive motions.  At present, after Phase One discovery of the relevant court records, First Advantage anticipates filing a motion for judgment on the pleadings.  First Advantage also intends to file a

11

motion for summary judgment directed to Plaintiff's individual claim and/or a motion to deny class certification, on or before the deadline for Plaintiff's motion for class certification. First Advantage believes that resolution of any such dispositive motion prior to consideration of class certification will promote efficiency by potentially narrowing the issues presenting for class certification or mooting Plaintiff's motion for class certification entirely. Accordingly, First Advantage proposes that the deadline for Plaintiff's motion for class certification be stayed pending resolution of the parties' dispositive motions, or at minimum, scheduled to allow for full briefing and consideration of those motions before any class certification proceedings. This approach will promote the efficient use of judicial and party resources, particularly in light of the fee-shifting provisions of the FCRA.

**5.      Pretrial Order and Pretrial Disclosures.**

The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them will be included in the joint pretrial order. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the decision on dispositive motions or further Court order.

**6.      Settlement/Alternative Dispute Resolution.**

The parties have not engaged in settlement discussions. The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. The parties propose private mediation in this action and agree that mediation will be the most productive after some discovery.

**7.      Alternative Forms of Case Disposition.**

The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties do not consent to trial by a Magistrate Judge. The parties do not consent to the use of the Short Trial Program (General Order 2013-01).

Respectfully submitted this 3rd day of July, 2026.

By: */s/ Joseph Kanee*
    JOSEPH KANEE
    Admitted *pro hac vice*
    1508 SW 23rd Street
    Fort Lauderdale, Florida 33315
    T: (848) 346-4358
    Email: joseph@marcuszelman.com

    *Attorney for Plaintiff*

By: */s/ Marcus J. Lee*
    MARCUS J. LEE
    Nevada Bar No. 15769
    300 S. 4th Street, Suite 1250
    Las Vegas, Nevada 89101
    T: (725) 286-2801
    MLee@ohaganmeyer.com

    *Attorney for Defendant*

**IT IS SO ORDERED:**

_____
U.S. MAGISTRATE JUDGE

DATE: _____

13